FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 18 2017 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MATRIX POLYMERS INC.,

                    Plaintiff,

                -against-

A-E PACKAGING, INC. d/b/a "Tee Pee
Packaging" and/or "Tee Pee Packaging Inc.",
CHARLES DEEHAN and ANDREW DEEHAN

                    Defendants.

----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 15-6040

(Wexler, J.)

APPEARANCES:

    PICK & ZABICKI LLP
    BY:   Douglas J. Pick, Esq.
            Eric C. Zabicki, Esq.
    Attorneys for Plaintiff
    369 Lexington Avenue, 12th Floor
    New York, New York 10017

    TRENK, DiPASQUALE, DELLA FERRA & SODONO, P.C.
    BY:   Sam Della Ferra, Jr., Esq.
    Attorneys for Defendants Charles Deehan and Andrew Deehan
    347 Mt. Pleasant Avenue, Suite 300
    West Orange, New Jersey 07052

WEXLER, District Judge:

    Before the Court are Defendants Charles Deehan and Andrew Deehan's (the "Deehans") objections to the Report and Recommendation issued by Magistrate Judge Locke on January 5, 2017 (the "R&R"), in which Magistrate Locke recommended that Defendants' motion to vacate the default judgment entered against them on March 7, 2016 be denied. For the reasons set forth

-1-

below, Magistrate Locke's R&R is adopted in its entirety and Defendants' motion to vacate the default judgment is denied.

## DISCUSSION

### I. Background

This case arises out of the collapse of A-E Packaging, Inc., which conducted business under the names "Tee Pee Packaging" and "Tee Pee Packaging, Inc." (the "Corporate Defendant" or "Tee Pee"). Tee Pee was a manufacturer of plastic films and other plastic products. The Plaintiff, Matrix Polymers, Inc. ("Plaintiff" or "Matrix"), is a distributor of plastic resin, which Tee Pee used to manufacture its line of plastic products. Tee Pee's failure to pay Plaintiff for resin sold and delivered between November 2014 and September 2016 led to the instant litigation.[1]

### II. Prior Proceedings

Plaintiff commenced the within diversity action on October 21, 2015, alleging fifteen causes of action against both Tee Pee and the individual Defendants, Charles and Andrew Deehan. Despite each being served with a Summons and Complaint, none of the Defendants appeared in this action and, on December 16, 2015, certificates of default were issued against all of the Defendants.

On January 13, 2016, Plaintiff moved for a default judgment against Defendants for a

---

[1] The facts, as set forth in thorough detail in Magistrate Locke's R&R, are adopted and will not be repeated herein.

sum certain, as set forth in the Complaint. Defendants did not oppose the motion for default judgment and, on March 7, 2016, the Court granted the motion, awarding Plaintiff $890,285.69 in damages, with all Defendants held jointly and severally liable.

The Deehans thereafter moved to vacate the default judgment as entered solely against them.[2] That motion was referred to Magistrate Locke, who rendered his R&R on January 5, 2017, recommending that the Deehans' motion be denied in its entirety. The Deehans object to that recommendation and both sides have now fully briefed the issues.

### III. The Findings of the Magistrate Judge and the Deehans' Objections

In his well-reasoned and thorough R&R, Judge Locke recommended that the Deehans' motion to vacate be denied, after considering and rejecting each of the three arguments raised by the Deehans in support of their motion. The Deehans now object to each of the Magistrate's findings.

#### A. Fraud

The Deehans' first basis for vacatur is that the default judgment was procured through "fraud" in that Plaintiff failed to disclose the existence of an insurance policy that may have mitigated its losses herein. In rejecting the Deehans' fraud argument, Magistrate Locke found that not only were the Deehans aware of the insurance policy they claim to have been "withheld" from the Court long before the default judgment was entered, but there is no evidence that Plaintiff ever filed a claim or received any payment under that insurance policy. Rather, Plaintiff and its insurance company appear to have entered into an agreement whereby the

---

[2] The Corporate Defendant has not put forth any challenge to the default judgment.

insurance company is allowing Plaintiff to pursue its claim against Defendants on its own so as not to have to utilize the insurance policy.

The Deehans now object to Magistrate Locke's finding on the grounds that the terms of the insurance agreement between Plaintiff and its insurer deprive Plaintiff of standing to pursue a claim in its own right. However, Plaintiff appears to be making this argument for the first time in its objections to the R&R, rather than in its underlying motion to vacate the default judgment. It is well-settled that "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Riley v. Rivers, No. 15-CV-5022, 2017 U.S. Dist. LEXIS 42530, at *5 (E.D.N.Y. Mar. 23, 2017) (quoting Fisher v. O'Brien, No. 09-CV-42, 2010 U.S. Dist. LEXIS 31047, at *2 (E.D.N.Y. Mar. 30, 2010)). Since this new argument was not included in the Deehans' original motion papers, the Court will not consider it.[3] See Riley, 2017 U.S. Dist. LEXIS 42530, at *5-6 (citing DeMarco v. Hartford Life & Acc. Ins. Co., No. 12 Civ. 4313, 2014 U.S. Dist. LEXIS 94549, at *2 (E.D.N.Y. July 10, 2014)).

B.  Excusable Neglect

Next, the Deehans assert that their failure to respond to Plaintiff's Complaint in the within action was excusable in light of the fact that they were actively trying to sell off the Corporate Defendant's assets at the time in order to satisfy their creditors, as well as the voluminous litigation they were facing. According to the Deehans, the default judgment should be vacated and they should now be permitted to appear because they possess meritorious

---

[3] For this reason, any other attempts by the Deehans to raise new arguments in their objections to the R&R are being disregarded by the Court.

-4-

defenses to Plaintiff's claims.

Magistrate Locke rejected the Deehans' second ground for vacatur, finding that the Deehans willfully defaulted since they do not dispute that they were aware of this action, as well as Plaintiff's motion for a default judgment, yet knowingly chose not to appear in the action, claiming to be too overwhelmed with the Corporate Defendant's asset sale and other litigation. Yet, as Magistrate Locke pointed out, Defendants were engaged in a total of four litigations, including this one, and they defaulted in three of the four. As Magistrate Locke correctly found, a defendant's claim that it was simply too busy to answer the complaint is insufficient to establish excusable neglect under Rule 60(b)(1). See United States v. Medley, 13 F. App'x 58, 59 (2d Cir. 2001).

The Deehans' objections to the R&R with respect to this ground consist of simply rehashing the same arguments already presented to the magistrate, with the exception of the Deehans' assertion that their "dire financial condition" prevented them from responding to Plaintiff's Complaint. As Plaintiff points out in their response to the Deehans' objections, however, and which Magistrate Locke noted as well, this argument was only raised for the first time in the Deehans' reply memorandum of law in connection with the underlying motion to vacate. It is well-settled that "[a]rguments first advanced in reply memoranda are not properly considered." Int'l Elecs., Inc. v. Media Syndication Gloabl, Inc., No. 02 Civ. 4274, 2002 U.S. Dist. LEXIS 15200, at *7 n.2 (S.D.N.Y. Aug. 17, 2002); see also United States v. Barnes, 158 F.3d 662, 672 (2d Cir. 1998) (citation omitted). The Court agrees with Magistrate Locke and finds the Deehans' default to be willful. Nothing offered by the Deehans excuses their default in

this action.[4]

With respect to the Deehans' purported defenses, Magistrate Locke correctly found them to lack merit. First, the Deehans argue that the existence of Plaintiff's insurance policy presents a defense because there are significant questions as to whether Plaintiff has already been compensated for its losses. However, as set forth above, it is undisputed that Plaintiff has neither submitted a claim nor received any payment under its insurance policy. Moreover, the existence of an insurance policy does not provide Defendants with a complete defense to Plaintiff's claims; it merely provides for mitigation of any damages.

Second, the Deehans assert that Plaintiff does not have standing to assert a veil-piercing claim in light of the Assignment for the Benefit of Creditors proceeding ("ABC Proceeding") that the Corporate Defendant initiated in New Jersey in March 2016. In rendering the R&R, Magistrate Locke found that the ABC Proceeding does not prevent this Court from considering and deciding Plaintiff's claim to pierce the corporate veil. In their objections, the Deehans do not appear to take issue with the magistrate's finding. Rather, they simply assert that Magistrate Locke applied the wrong standard in assessing the merits of their defenses and then proceed to rehash the same arguments already set forth in the underlying motion.

Upon review of the R&R, and based on the Court's independent examination of the parties' submissions, the Court finds that Magistrate Locke's holding that the Deehans' lack meritorious defenses to Plaintiff's claims is well-supported and is, therefore, adopted.   \

---

[4] For the reasons set forth in the R&R, the Court also agrees with Magistrate Locke that vacating the default judgment would substantially prejudice Plaintiff.

C.  <u>Extraordinary Circumstances</u>

Finally, the Deehans assert that vacatur of the default judgment is appropriate here because the undue hardship created by enforcing the default judgment against them in their individual capacities presents extraordinary circumstances to justify rescinding the judgment. Magistrate Locke rejected this ground as simply a reiteration of the Deehans' claimed meritorious defenses, which, as set forth above, the magistrate and this Court find lacking.

The Court agrees with Magistrate Locke. The fact that the default judgment found the Deehans' jointly and severally liable does not present extraordinary circumstances warranting vacatur. Defendants made a knowing and voluntary choice not to appear in this action. It is undisputed that they were served with Plaintiff's Complaint, as well as the motion for a default judgment. Accordingly, the Deehans were on notice that Plaintiff was seeking to hold them individually liable. They chose not to appear in this action and suffer the consequences. Nothing presented in either their motion to vacate or their objections to the R&R warrants rescinding the default judgment on the grounds of extraordinary circumstances.

Based on the foregoing, Magistrate Locke's R&R is adopted in its entirety and the Deehans' motion to vacate the default judgment entered on March 7, 2016 is denied.

CONCLUSION

Based on the foregoing, and having reviewed Defendants' objections and Plaintiff's submission in response, Magistrate Judge Locke's R&R dated January 5, 2017 is hereby adopted in its entirety and Defendants' motion to vacate the default judgment entered on March 7, 2016 is denied.

The Clerk of the Court is directed to terminate Defendants' motion.

**SO ORDERED:**

Dated: Central Islip, New York
 May 18, 2017

_____
LEONARD D. WEXLER
United States District Judge